IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO ENRIQUE BARCENA-LUGO,

Petitioner,

v. No. 1:26-cv-02616-KG-GJF

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Alejandro Enrique Barcena-Lugo's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. For the reasons below, the Court grants the habeas petition and orders his immediate release.

## *I. Background*

Petitioner became a lawful permanent resident of the United States on May 1, 2006, though the record does not reflect when he first entered the country. Doc. 6 at 1. In 2015, an immigration judge ordered him removed following his conviction on drug-related charges. *Id.*

On November 5, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner at a regularly scheduled check-in, revoked his order of supervision, and transferred him into immigration custody. Doc. 6 at 2; Doc. 1 at 6. Petitioner is detained at the Torrance County Detention Facility in New Mexico. Doc. 1 at 6.

The Department of Homeland Security ("DHS") has undertaken efforts to identify a country willing to accept Petitioner, submitting removal requests to both Mexico and Cuba. Doc. 6 at 2; Doc. 6-9 at 1–2. Cuba denied Petitioner's repatriation. *Id.*

On January 16, 2026, ICE notified Petitioner of its intent to remove him to Mexico, but Petitioner refused to sign a Warning for Failure to Depart. Doc. 6 at 2; Doc. 6-9 at 1–2. ICE

further alleges that on March 9, 2026, Petitioner again failed to comply with efforts to remove him to Mexico. Doc. 6-9 at 1–2.

Petitioner now seeks immediate release, arguing that his continued detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment because his removal is not reasonably foreseeable. Doc. 1 at 4. He acknowledges that he has not executed the documents necessary to effectuate his removal to Mexico but asserts that he has no ties to that country. *Id.* at 6.

The Government opposes the Petition. It submits an affidavit from an ICE agent familiar with Petitioner's case, who states that ICE "is actively working on Petitioner's removal to a third country other than Mexico," but that "there are no current updates." Doc. 6-9 at 2. The agent further states that "Petitioner's lack of cooperation creates significant obstacles to removal." *Id.*

## ***II. Legal Standard***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(b). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen. *Id*. at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.). DHS regulations allow the government to extend the removal period "if the [noncitizen] fails or refuses to make timely application in good faith for travel or other documents necessary to the [noncitizen's] departure or conspires or acts to prevent the [noncitizen's] removal subject to an order of removal." 8 C.F.R. § 241.4(g)(1)(ii).

### *III. Analysis*

First, the *Zadvydas* burden-shifting framework applies here. An immigration judge ordered Petitioner removed in 2015. Doc. 6 at 1–2. He has now been detained for ten months, over the six-month presumptively reasonable period. *Zadvydas*, 533 U.S. at 690.

Next, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. He asserts that he cannot be removed to Cuba, and that ICE has failed to find a country for third-country removal. Doc. 1 at 4. That allegation is sufficient to meet his burden.

Finally, the Government fails to rebut Petitioner's showing. The presiding ICE agent states that ICE "is actively working on Petitioner's removal to a third country other than Mexico," but that "there are no current updates" about removal. Doc. 6-9 at 2. Such bare conclusions are insufficient to meet the Government's burden. To the contrary, the evidence demonstrates that ICE's efforts have stalled: Cuba has already refused ICE's repatriation request, and ICE has not identified any other third-country government willing to accept Petitioner. *Id.* at 1–2. It therefore fails to show that removal is reasonably foreseeable. *See Momennia v. Bondi*, 2025 WL 3011896, at *10 (W.D. Okla.) ("[M]ere intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention."), *R&R adopted*, 2025 WL 3006045 (W.D. Okla.); *Vargas v. Noem*, 2025 WL 2770679, at *3 (D. Kan.) (same).

Moreover, the Government has not presented sufficient evidence of Petitioner's alleged noncooperation with ICE's efforts to remove him to Mexico to foreclose his claim under § 241.4(g)(1)(ii). The presiding ICE officer states that "Petitioner's lack of cooperation creates significant obstacles to removal." Doc. 6-9 at 2. But the Government does not provide evidence that Petitioner has taken bad-faith, obstructionist steps that would restart the removal clock under § 241.4(g)(1)(ii). Petitioner failed to execute documentation related to his third-country removal—but that refusal, without more, does not defeat his claim. *See Guillen v. Blanche*, 2026 WL 2531838, at *5 (D.N.M.) ("[O]bstruction does not defeat a *Zadvydas* claim unless DHS identifies 'actual, concrete steps' toward removal and produces evidence that a receiving country has agreed to accept the petitioner.") (citing *Cadogan McNaught v. De Anda-Ybarra*, 2026 WL 2253873, at *2 (D.N.M.)); *Ramos v. Chestnut*, 2026 WL 2280943, at *2 (E.D. Cal.) ("[P]etitioner's refusal to consent to his removal to a third country does not amount to

affirmative misrepresentation or refusal to apply for travel documents that would defeat petitioner's *Zadvydas* claim."). The Court is especially skeptical of the Government's argument given that Petitioner has been detained for ten months—well past the presumptively reasonable period under *Zadvydas*.

## *IV. Conclusion*

For the reasons above, Petitioner's continued detention violates § 1231(a). The Court orders that:

1. The Government shall release Petitioner within 48 hours of this Order. The Government shall not impose any new conditions of release.
2. The Government is enjoined from redetaining Petitioner absent a showing that his removal is reasonably foreseeable—for example, through communications from a foreign government agreeing to accept him, the procurement of travel documents, or a credible anticipated timeline for removal.
3. The Government shall file a status report within 10 business days certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.